# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAQUIN GRIGGS, | ) | |
|     Plaintiff, | ) | **Civil Action No. 11-271ERIE** |
|     v. | ) | |
| DEBRA K. SAUERS, and | ) | **District Judge McLaughlin** |
| M.D. OVERMYER, | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

| | | |
|---|---|---|
| LAQUIN GRIGGS, | ) | |
|     Plaintiff, | ) | **Civil Action No. 11-272Erie** |
|     v. | ) | **District Judge McLaughlin** |
| KIM SMITH, and JOLLIE FERDORKO, | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

| | | |
|---|---|---|
| LAQUIN GRIGGS, | ) | |
|     Plaintiff, | ) | **Civil Action No. 11-273Erie** |
|     v. | ) | |
| BEVERLY O'ROURKE, and | ) | **District Judge McLaughlin** |
| KIM SMITH, | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

| | | |
|---|---|---|
| LAQUIN GRIGGS, | ) | |
|     Plaintiff, | ) | **Civil Action No. 11-274Erie** |
|     v. | ) | |
| TERESA JOHNSONE, and | ) | **District Judge McLaughlin** |
| JOHN WETZEL, | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

| | | |
|---|---|---|
| LAQUIN GRIGGS, | ) | |
|     Plaintiff, | ) | **Civil Action No. 11-275Erie** |
|     v. | ) | |
| DR. MAXA, and RHONDA SHERBINE, | ) | **District Judge McLaughlin** |
| Medical Director | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

1

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that these five (5) instant civil actions be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate text Order filed this day, the pending motion for leave to proceed in forma pauperis [ECF No. 1] filed in 11-271E is dismissed.

**II. REPORT**

**A. Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed five civil rights actions on November 9, 2011. Griggs v. Sauers, et al, 11-271E; Griggs v. Smith, et al, 11-272E; Griggs v. O'Rourke, et al, 11-273E; Griggs v. Johnstone, et al, 11-274E; and Griggs v. Maxa, et al, 11-275E. Plaintiff filed a motion for leave to proceed in forma pauperis in 11-271E, but did not file such a motion or pay the $350.00 filing fee for the other four cases.

All of these cases arise out of the same factual scenarios and each separate complaint makes references to the defendants named in the other four cases. Yet each of the five complaints is slightly different focusing on the factual allegations against the defendants named in the caption of that individual complaint. Each of the five complaints contains a separate signature page.

By Order dated November 15, 2011, and filed in 11-271E, this Court mandated that Plaintiff file the necessary documentation in support of his motion for leave to proceed in forma pauperis before December 9, 2011. ECF No. 2. Plaintiff did not respond to this Order.

Additionally, that same Order explained that this Court had liberally construed the *pro se* pleadings[1] in the five cases and believed it was Plaintiff's intent to file one case against all Defendants. The Order declared that before these five separate cases were served upon Defendants, Plaintiff would be given the opportunity to file a single all-inclusive complaint (at 11-271E) with all claims against all Defendants and he would be allowed to voluntarily withdraw the four redundant cases. The Order directed that the single complaint against all Defendants be filed before December 9, 2011.

By Order dated December 20, 2011, and filed at 11-271E, this Court directed Plaintiff to show cause before January 18, 2012 for his failure to comply with this Court's previous Order of November 15, 2011. The Order warned that Plaintiff's failure to comply could result in the dismissal of this action for failure to prosecute. ECF No. 4. As of today's date, Plaintiff has failed to comply.

By Orders dated January 25, 2012, and filed at 11-272E, 11-273E, 11-274E, and 11-275E, this Court directed Plaintiff to either pay the filing fee of $350.00 per case or file a motion for leave to proceed in forma pauperis, along with the necessary supporting documentation, before February 3, 2012. ECF No. 2. The Order warned that Plaintiff's failure to comply would result in the dismissal of the actions. To date, Plaintiff has not complied in any of the cases.

---

[1] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### B. *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

There is no "magic formula" for balancing the so-called Poulis factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010) citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). While this Court recognizes that dismissals with prejudice are "drastic sanctions," applying the Poulis factors to the present matter, dismissal of these matters is recommended. Doe v. Megless, 654 F.3d 404, 411-12 (3d Cir. 2011) quoting Poulis, 747 F.2d at 867.

#### 1) Extent of Personal Responsibility

This first *Poulis* factor weighs heavily in favor of dismissal. Plaintiff has been directed to file the documentation supporting his motion for leave to proceed in forma pauperis, as well as

given the opportunity to file a single all-inclusive complaint.  Moreover, this Court has provided warning to Plaintiff that his failure to comply would result in the dismissal of this action.  After repeated orders, Plaintiff has not complied.  Plaintiff is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of his claims.  See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.).

### 2) Prejudice to the Adversary

There has been no service of any of the complaints and so there has been no prejudice to the adversary/ies at this stage of the litigation.

### 3) History of Dilatoriness

Here, Plaintiff filed this case over three months ago and has ignored several orders of this Court.

### 4) Willful or bad faith acts by Plaintiff

There is no evidence of bad faith or willful acts by the Plaintiff at this early stage of the litigations.

### 5) Effectiveness of Alternative Sanctions

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Griggs.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

### 6) Meritoriousness of Claims or Defenses

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious.  Briscoe, 538 F.3d at 263.   A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by

the plaintiff or constitute a complete defense. Id.; Poulis, 747 F.2d at 869-70. In Briscoe, the district court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191. Here, this factor is neutral as it is impossible for this Court to determine whether Plaintiff's numerous claims against the numerous Defendants are meritorious.

In sum, as half of the six Poulis factors weigh heavily in favor of dismissal of these actions and the remainder of the factors are neutral, this Court recommends the dismissal of these five cases.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that these five (5) instant civil actions be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate text Order filed this day, the pending motion for leave to proceed in forma pauperis [ECF No. 1] filed in 11-271E is dismissed.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 10, 2012